The Honorable James C. Scott State Senator 321 State Highway 15 North Warren, AR 71671-9707
Dear Senator Scott:
I am writing in response to your request for my opinion on the following question:
 Can a person legally run for and serve on the Bradley County Quorum Court while employed by the Bradley County Community Action Program?
RESPONSE
I cannot answer this question without knowing more about the structure and income sources of the Bradley County Community Action Program (the "Program"). If the Program is an agency of or receives revenues from Bradley County, the answer to your question is "no."
I am unable to answer your question because your request fails to specify whether the Program is an agency of Bradley County or is funded in whole or part by county appropriations. The operation of several statutes makes answering these questions crucial to your request. Subsection14-14-1205(c) of the Arkansas Code (1999 Supp.) provides:
 No justice of the peace shall receive compensation as a county employee or deputy, nor shall any justice receive compensation or expenses from funds appropriated by the quorum court for any services performed within the county, other than as provided by this subchapter.
In addition, A.C.A. § 14-14-1202(c)(1) provides in pertinent part:
No officer or employee of county government shall:
 (A) Be interested, either directly or indirectly, in any contract or transaction made, authorized, or entered into on behalf of the county or an entity created by the county, or accept or receive any property, money, or other valuable thing, for his use or benefit on account of, connected with, or growing out of any contract or transaction of a county.
Subsection (2)(A) of this statute provides for a limited exemption from the just-recited ethical restriction:
 If the quorum court determines that it is in the best interest of the county, the quorum court may by ordinance permit the county to purchase goods or services directly or indirectly from quorum court members, county officers, or county employees due to unusual circumstances. The ordinance permitting such purchases must specifically define the unusual circumstances under which such purchases are allowed and the limitations of such authority.
On its face, A.C.A. § 14-14-1205(c) will preclude the subject of your request from serving on the quorum court if the county either (1) runs the Program, thus making the prospective candidate a "county employee," or (2) appropriates funds for the Program that are used either for salary or reimbursement of expenses.
Moreover, even assuming neither of these conditions applies, absent "unusual circumstances," your constituent will still be precluded from holding both positions pursuant to A.C.A. § 14-14-1202(c)(1)(A) if the Program is party to any contract with the county. In my opinion, the employee of an organization that has contracted to supply goods or services to a county has an indirect interest in the contract as contemplated in the statute. I have previously so concluded in Ark. Op. Att'y Gen. No. 99-010, which I am enclosing for your information. I have found no instances in which courts have addressed the "unusual circumstances" exception; however, based on the limited information supplied me, I have no reason to assume this exception would apply in this case.
I have found no authority that would prohibit your constituent from running for the quorum court while employed by the Program, but if any of the conditions set forth in A.C.A. §§ 14-14-1205(c) and -1202(c)(1)(A) applies, he could serve on the court only by either resigning from the Program or declining his salary.
For your general information, I am also enclosing Ark. Op. Att'y Gen. Nos. 96-262 and 96-077, which likewise address the application of the statutes discussed above.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh
Enclosures